COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Clements and Senior Judge Bray


RODNEY BARNES
                                          MEMORANDUM OPINION*
v.    Record No. 2843-02-2                     PER CURIAM
                                           FEBRUARY 25, 2003
MARSHALLS, INC. AND
 CONTINENTAL CASUALTY COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Gregory O. Harbison; Geoffrey R. McDonald &
                Associates, P.C., on brief), for appellant.

                (C. Ervin Reid; Wright, Robinson, Osthimer &
                Tatum, on brief), for appellees.


        Rodney Barnes (claimant) contends the Workers' Compensation

Commission erred in finding that he failed to prove that his

right arm ulnar nerve condition was causally related to his

December 24, 2000 compensable injury by accident.  Upon

reviewing the record and the parties' briefs, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The medical records revealed that when claimant first sought medical treatment on December 26, 2000, from Dr. Bruce Miller, he reported that a piece of steel had fallen on his neck on December 24, 2000.  X-rays were normal, and Dr. Miller diagnosed a contusion and prescribed medication.  Subsequently, Dr. Miller referred claimant to Dr. Robert Adelaar, an orthopedic surgeon.

Dr. Adelaar, who first examined claimant on February 19, 2001, detected no neurological loss in claimant's right upper extremity, no shoulder impingement, and no elbow or wrist pathology.  Dr. Adelaar ordered physical therapy for a trapezius injury on claimant's right side and imposed a lifting restriction.

Claimant continued to treat with Dr. Adelaar, who ordered EMG and nerve conduction studies, which were performed on March 26, 2001.  Those tests showed evidence of mild ulnar neuropathy at the elbow, with no evidence of radiculopathy, although the testing was limited due to claimant's discomfort.

On May 7, 2001, claimant told Dr. Adelaar that his shoulder pain was gone, but that he still had some limited motion. Dr. Adelaar noted that claimant might have to undergo ulnar nerve transposition in the future.

On August 24, 2001, Dr. Adelaar opined that claimant's right upper extremity had reached maximum medical improvement.

On October 1, 2001, Dr. Adelaar reported that a second EMG showed an ongoing right ulnar neuropathy at the elbow localized at the medial epicondyle. Dr. Adelaar recommended surgery. On December 17, 2001, Dr. Adelaar performed a decompression of claimant's ulnar nerve and subcutaneous transposition of the right ulnar nerve, right elbow. Dr. Adelaar excused claimant from work for six weeks.

Several days before claimant's December 17, 2001 surgery, Dr. William D. Brickhouse, an orthopedist, examined claimant and reviewed his medical records. Dr. Brickhouse opined that the only injury sustained by claimant as a result of the December 24, 2000 injury by accident was a trapezius muscle sprain, which was not related to claimant's right arm compressive ulnar neuropathy.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). The commission weighed the medical evidence and accepted Dr. Brickhouse's opinion. Dr. Adelaar did not render any specific opinion as to the cause of claimant's right ulnar nerve condition.

In light of Dr. Brickhouse's opinion, the lack of any medical evidence that claimant sustained an arm or elbow injury

- 3 -

at the time of the December 24, 2000 accident, and the lack of any persuasive opinion from Dr. Adelaar regarding causation, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.

For these reasons, we affirm the commission's decision.

Affirmed.